Exhibit A

IN THE CIRCUIT COURT, TWENTIETH JUDICIAL CIRCUIT, IN AND FOR COLLIER COUNTY, FLORIDA

Case #: **11-2018-DR-002389-DV01-XX**
Division: Domestic Relations

**Jake Noch,**

  Petitioner

  AND

**Miles Austin Goldman**
  Respondent

# TEMPORARY INJUNCTION FOR PROTECTION AGAINST STALKING

The Petition for Injunction for Protection Against Stalking under section 784.0485, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent upon service of the temporary injunction. The term Petitioner as used in this injunction includes the person on whose behalf this injunction is entered.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION 1. NOTICE OF HEARING**

Because this Temporary Injunction for Protection Against Stalking has been issued without notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on Domestic Violence Hearing 10/22/2018 9:00:00 AM, when the Court will consider whether it should issue a Final Judgment of Injunction for Protection Against Stalking, **which** shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered. The hearing will be **at the Collier County Courthouse, 3315 Tamiami Trail E, Building L, Naples, Florida**. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. All witnesses and evidence, if any, must be presented at this time. **Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

a. __NA__ a court reporter is provided by the court.
b. __XX__ electronic recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL.  THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER.  THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact Charles Rice, Administrative Services Manager, whose office is located at 3315 Tamiami Trail E, Suite 501, Naples, Florida 34112 and whose telephone number is (239) 252-8800, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; If you are hearing or voice impaired, call 711.**

SECTION II.  FINDINGS

The statements made under oath by Petitioner make it appear that section 784.0485, Florida Statutes, applies to the parties, and that stalking exists.

SECTION III.  TEMPORARY INJUNCTION AND TERMS

**This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order.  If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent.  This injunction is valid and enforceable in all counties of the State of Florida.  The terms of this injunction may not be changed by either party alone or by both parties together.  Only the Court may modify the terms of this injunction.  Either party may ask the Court to change or end this injunction.**

**Willful violation of the terms of this injunction, such as: committing an act of stalking against Petitioner; going to or being within 500 feet of Petitioner's residence, place of employment, school, or other place prohibited by this injunction; knowingly and intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not that vehicle is occupied; committing any other violation of this injunction through an intentional unlawful threat, word or act to do violence to Petitioner; telephoning, contacting or communicating with Petitioner, unless indirect contact through a third party is specifically allowed by this injunction; defacing or destroying Petitioner's personal property, including Petitioner's motor vehicle; or refusing to surrender firearms or ammunition if ordered to do so by the Court, constitutes a misdemeanor of the first degree punishable as provided by Sections 775.082 and 775.083, Florida Statutes.**

Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.

ORDERED and ADJUDGED:

1. **Prohibited Actions.**  Respondent shall not commit, or cause any other person to commit, any acts of stalking against Petitioner, including stalking, cyberstalking, aggravated stalking, or any criminal offense resulting in physical injury or death. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to

      the Petitioner.

2. **No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.**

    a. Unless otherwise provided herein, Respondent shall have **no** contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner, including any electronic means or use of social media. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:**

    b. Petitioner's current residence
    **1978 Gulf Shore Blvd S, Naples, FL 34102**
    or any residence to which Petitioner may move;

    c. Petitioner's current or any subsequent place of employment
    __NA__

    d. where Petitioner attends school __NA__ ;
    or

    e. the following other places (if requested by Petitioner) where Petitioner, specific members of Petitioner's family or individuals closely associated with Petitioner, regularly frequent:
    __NA__ ; _____ ;

    f. Respondent **shall not** knowingly and intentionally come within 100 feet of Petitioner's motor vehicle at any time, whether or not that vehicle is occupied;

    g. Other provisions regarding contact: __N/A__

3. **Firearms.**
    [Initial **all** that apply; write N/A **if does not** apply]

    __NA__ a. Respondent is a state or local officer, as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency, and is not prohibited by the court from having in his or her care, possession, or control any firearm or ammunition.

    __CG__ b. Respondent shall not use or possess a firearm or ammunition.

    __CG__ c. Respondent shall surrender any firearms and ammunition in the Respondent's possession to the __nearest__ County Sheriff's Department.

    __NA__ d. Other directives relating to firearms and ammunition:_____

4. **Mailing Address.** Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent's last known address of record. Such service by mail shall be complete upon mailing. Rule 12.080, Florida Family Law Rules of Procedure; section 784.0485, Florida Statutes.

5. **Additional order(s) necessary to protect Petitioner from stalking:**
   N/A

6. **Referral to Appropriate Services for Petitioner:**
   Petitioner may contact the following services as needed:
   N/A

**SECTION IV. OTHER SPECIAL PROVISIONS**
*(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)*

**SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
*(Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory and should be interpreted as part of this injunction.*

1. The Sheriff of Conyers, GA County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.

2. **This injunction is valid and enforceable in all counties of the State of Florida.** Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 784.0487, Florida Statutes.

3. **THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.** The arresting agent shall notify the State Attorney's Office immediately after arrest.

4. **Reporting alleged violations.** If Respondent violates the terms of this injunction and has not been arrested, Petitioner may contact the clerk of the circuit court of the county in which the violation is alleged to have occurred. The clerk shall assist Petitioner in preparing an affidavit in support of reporting the violation or direct Petitioner to the office operated by the court that has been designated by the chief judge of that circuit as the central intake point for violations of injunctions for protection where Petitioner can receive assistance in the preparation of the affidavit in support of the violation. The affidavit shall be immediately forwarded by the office assisting Petitioner to the state attorney of that circuit and to the judge designated by the chief judge as the recipient of affidavits of violations of an injunction. Procedures relating to reporting alleged violations are governed by section 784.0487, Florida Statutes.

DONE AND ORDERED in Naples, Florida on the __12__ day of __Oct.__, 2018.

_____
CIRCUIT JUDGE

COPIES TO:
Sheriff of          County
Petitioner:
____ by U. S. Mail
____ by hand delivery

Respondent:
__✓__ forwarded to sheriff for service

I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of Collier County, Florida, and that I have furnished copies of this order as indicated above.

(SEAL)

Crystal K. Kinzel
Clerk of the Circuit Court

By: _____
Deputy Clerk

Form 12-980(u) 07/14                          5