UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRO MUSIC RIGHTS, INC and
JAKE P NOCH,

    Plaintiffs,

v.                                          Case No: 2:21-cv-92-SPC-MRM

MILES A GOLDMAN,

    Defendant.
                                  /

## OPINION AND ORDER[1]

Before the Court is a *sua sponte* review of the file. Plaintiffs Pro Music Rights, Inc. and Jake P. Noch bring this diversity action against Goldman. Since Plaintiffs are proceeding in federal court, they must show the parties are completely diverse with an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). And district courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The Complaint only alleges Goldman is "believed" a "resident" of Georgia and that Noch is a "resident" of Florida. (Doc. 1 at 4). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). A party's residence in a state—without more—is not enough to show citizenship. *E.g., Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Rather, "[c]itizenship is equivalent to domicile for purposes of diversity jurisdiction." *Id.* (internal quotation marks and citation omitted). The Complaint, therefore, fails to correctly plead the citizenship of both Goldman and Noch. Because the Court cannot conclude it has jurisdiction, the Court dismisses the complaint without prejudice. Plaintiffs may file an amended complaint that adequately pleads subject-matter jurisdiction. *See* 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice.**
2. Plaintiff may file an amended complaint consistent with this Order **on or before February 19, 2021**. The failure to file a timely amended complaint will result in the case being closed without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on February 5, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record