UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| PRO MUSIC RIGHTS, INC.,<br>and JAKE NOCH,<br>    Plaintiff, | )<br>)<br>)<br>) | CIVIL ACTION |
| | ) | |
| vs. | )<br>) | CASE NO.: |
| MILES AUSTIN GOLDMAN,<br>A/K/A "CASHCAHE," "CACHCLIQUE,"<br>"AGGRAVATINGESTIMATE9,"<br>AND "P-RAWL",<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) | |
| _____ | / | |

## FIRST AMENDED COMPLAINT

Plaintiffs Pro Music Rights, Inc. ("**PMR**") Jake P. Noch ("**Mr. Noch**") (referenced together as the "**Plaintiffs**"), by and through their attorneys, file this Complaint against Defendant Miles Austin Goldman ("**Goldman,**" also known as "**cashcache**," "**cacheclique**," "**AggravatingEstimate9**,"and "**P-Rawl**") in the amount of not less than $600,000 in damages and allege as follows:

### SUMMARY OF THE FACTS

1.      Beginning in 2018, Defendant Goldman began unlawfully using musical works owned by the Plaintiffs, which were uploaded on soundcloud.com, for his own purposes absent permission or license to do so by the Plaintiffs.

2.      Upon discovering this was occurring, Plaintiffs reported Goldman's unlawful activity to the administrators at SoundCloud, which they, in turn, removed the musical works belonging to the Plaintiffs from Goldman's SoundCloud webpage.

3.      Shortly thereafter, Goldman persistently began sending threating emails to the

Plaintiffs, creating defaming posts and comments about the Plaintiffs on numerous social media

platforms, created fraudulent accounts on numerous social media platforms online, using the

Plaintiffs names, identities, trademarks, and Word Mark as a platform to intentionally deceive

the public of the Plaintiffs' credibility, reputation, and character, and made numerous attempts to

contact the Plaintiffs, and their associates, making violent threats towards Mr. Noch personally.

4.      To put an end to Goldman's continued defamatory statements, continued use and

creation of fraudulent social media accounts online using the names and identity of the Plaintiffs,

and countless harassing phone calls and violent threats, the Plaintiffs petitioned the 20th Judicial

Court in and for Collier County, Florida to obtain an injunction against Goldman for Stalking.

(See attached marked as "Exhibit A").

5.      After reviewing the Plaintiffs' grievances, the Court issued a Temporary

Injunction for Stalking on October 12, 2018, which stated Goldman was not to "commit, or cause

any other person to commit, any acts of stalking against the [Plaintiffs]," which included,

"stalking, cyberstalking, aggravated stalking, or any criminal offense resulting in physical injury

or death" of the Plaintiffs, and a hearing was set for October 22, 2018 at 9:00 AM (CST) to

consider a Final judgement on the issue.

6.      On the day of the scheduled hearing, concerning the injunction, it was determined

Goldman was unable to be properly served with notice of the temporary injunction or the date of

the hearing, though several attempts to serve Goldman, using multiple known addresses in the

State of Georgia, were unsuccessful. Therefore, the Court was unable to provide a Final

Judgement on the matter.

7.      To this day, Goldman continues creating defaming posts and comments about the

Plaintiffs on numerous social media platforms and using individual accounts and fraudulent

accounts claiming to be created by or on the behalf of the Plaintiffs on numerous social media

platforms online, using the Plaintiffs names, identities, logo, and Word Mark as a platform to

intentionally deceive the public of the Plaintiffs' credibility, reputation, and character. (See

attached as "Exhibit B")

8.      Goldman's posts and social media profiles not only contain false and defamatory

statements about the Plaintiffs, but they also cause harm to current and future business

relationships of Plaintiffs.  Defendants comments harm the public's view of Plaintiffs,

discouraging people from doing business with Plaintiffs as well as attempt to end current

business relationships with them.  In fact, defendant Goldman credits Mr. Noch for, "helping

ruin his music career," states Mr. Noch "illegally sues on behalf of artists for copyright

infringement when he has no rights" to do so and claims the Plaintiffs' business is a "scam;" all

of which are not true. (See *https://www.reddit.com/r/ProMusicRights/*,

*https://www.youtube.com/channel/UCMUmK-UgcMpsH31LKGSTLGA/about*, and

*https://www.reddit.com/r/WeAreTheMusicMakers/comments/g1pry9/atention_jake_p_noch_pro_*

*music_rights_is_scam/*)

9.      The Defendant's hostile behavior, cyber stalking, and defamatory remarks and

statements are not merely unethical, but also unlawful.

10.     Goldman knew his posts and social media profiles would be viewed around the

country, and given the scope of its contents, should have anticipated that the effects of his

libelous statements might be felt in different fora, including in Florida where Mr. Noch and the

principal place of business for Pro Music Rights, Inc. are located.

11.     Goldman's motivation in posting these statements on social media, and creating false accounts using the Plaintiffs names and trademark, is clearly to communicate false and misleading messages about the Plaintiffs to a large audience, generate negative attention from the general public towards the Plaintiffs, and increase his own popularity in the online community at the expense of Plaintiffs.

12.     Goldman has a personal vendetta against the Plaintiffs and has made it his mission to damage their good reputation.

## JURISDICTION AND PARTIES

13.     This is an action seeking damages in excess of $ 75,000, exclusive of costs, interest and past or future legal fees.

14.     The Parties to this action are:

15.     Plaintiff Pro Music Rights, Inc. is a Delaware corporation with a principal place of business in Naples, Florida and has been continuously registered as such with Florida's Division of Corporations since November 2020.

16.     Plaintiff Jake P. Noch is a successful entrepreneur, who is a citizen of the State of Florida, residing in Naples, Florida, and he is the Founder and Chief Executive Officer of Pro Music Rights, Inc.

17.     Defendant Miles Austin Goldman is an individual, who is a resident of the State of Georgia, and is currently residing at 3060 Water Brook Dr. Conyers, Georgia 30094. He operates numerous personal and fraudulent social media accounts, registered under aliases, and using the personal and business names of both Plaintiffs, for the purpose of insulting, demeaning and defaming the reputation, credibility, and character of the Plaintiffs.

## COUNT I
### (Defamation)

18.     Plaintiffs repeat and reallege paragraphs 1-12 of the Complaint as if fully set forth herein.

19.     Plaintiffs, at least five (5) days before instituting this action, served notice in writing on Defendant, Miles Austin Goldman, specifying the social media posts and false accounts bearing the names of the Plaintiffs, and the statements therein which are alleged to be false and defamatory.

20.     None of the defamatory statements alleged to be made by the Defendant have any basis in fact whatsoever.

21.     Defendant knew or have reason to know the statements were false and defamatory at the time he made them.

22.     Defendant published false and defamatory statements concerning Plaintiffs without privilege to do so.

23.     The false and defamatory statements were published without privilege to third parties, on at least eight (8) websites and social media webpages. (See Exhibit B)

24.     Defendant's false and defamatory statements were made with the intention to harm the Plaintiffs' reputation in the music community and to harm them financially by their publication to third parties.

25.     Neither of the Plaintiffs are public figures, nor are they limited public figures for purposes of a defamation analysis.

26.     The defamatory statements were made negligently; without reasonable care as to their truth or falsity; with knowledge of their falsity; and/or with reckless disregard for the truth.

27.     Certain defamatory statements allege that Plaintiffs practice unethical and unlawful business behavior and actively engage in frivolous and "illegal" litigation at the expense and to the detriment of musical artists.

28.     The statements are of the kind that they would tend to prejudice the Plaintiffs in the eyes of a substantial and respectable members of the community.

29.     The statements have caused, and will continue to cause, the Plaintiffs injury in their personal, social, and business relations and endeavors.

30.     Plaintiffs have suffered, and will continue to suffer, actual injury as a result of injury to their reputations.

31.     Mr. Noch has suffered, and will continue to suffer, actual injury as a result of the injury to his personal reputation.

32.     The defamatory statements tend to injure the Plaintiffs in their business trade as the allegations call into question the legitimacy of the Plaintiffs' business operations. Additionally, the above statements subject Plaintiffs to distrust, scorn, ridicule, hatred, and contempt. As such, the defamatory statements constitute defamation per se.

33.     In addition, as a direct and proximate result of the defamatory statements made by Defendants, Plaintiffs have suffered, and continue to suffer, substantial damages.

34.     It is clear from the statements made by Defendant, discussed above, that he had actual knowledge of the wrongfulness of their conduct and the high probability that injury or damage to the Plaintiffs would result and that, despite that knowledge, Defendant pursued that course of conduct, resulting in injury or damage. Accordingly, and in conformity with Fla. Stat. § 768.72, the Plaintiffs will seek leave of court to seek an award of punitive damages against the Defendant. In the alternative, Plaintiffs will also seek leave of court to seek punitive damages

under Fla. Stat. §768.72 because the Defendant's actions, as described above, were so reckless or wanting in care that they constituted a conscious disregard or indifference to the rights of the Plaintiffs.

## COUNT II
### (Tortious Interference with a Business Relationship)

35.      Plaintiffs repeat and reallege paragraphs 1-12 of the Complaint as if fully set forth herein.

36.      Plaintiffs have valid business relationships with hundreds of individuals and numerous companies and corporations in the music industry.

37.      Defendant has knowledge of such business relationships.

38.      Defendant intentionally, unjustifiably and unlawfully interfered with, and induced a breach or disruption of, such business relationships.

39.      As a direct and proximate result of such interference, Plaintiffs have suffered, and continue to suffer, substantial damages.

## COUNT III
### (Tortious Interference with Prospective Economic Advantage)

40.      Plaintiffs repeat and reallege paragraphs 1-12 of the Complaint as if fully set forth herein.

41.      Plaintiffs had business relationships with which it had an actual and identifiable understanding or agreement which in all probability would have been completed if Defendants had not interfered therewith.

42.      Defendants had knowledge of such relationships.

43.      Defendants intentionally, unjustifiably and unlawfully interfered with such relationships.

44.     As a direct and proximate result of such interference, Plaintiffs have suffered, and continue to suffer, substantial damages.

## COUNT IV
### (Fraudulent Misrepresentation)

45.     Plaintiffs repeat and reallege paragraphs 1-12 of the Complaint as if fully set forth herein.

46.     Defendant knowingly acted to deceive the public by falsely representing the Plaintiffs' business by creating false social media accounts using the names and the identity of the Plaintiffs as if the statements and comments made about the Plaintiffs were their own.

47.     In creating these social media accounts, Defendant knew or should have known that the false accounts would deceive the public into believe the statements and comments he posted on these accounts represented the business and opinions of the Plaintiffs as their own.

48.     Defendant knew the statements and comments he posted, using the names and identities of the Plaintiffs, were false, misleading, and defamatory in nature, which the Defendant intended to use as a means of discouraging members of the public from doing business with the Plaintiffs.

49.     Plaintiff have been damaged by the fraudulent misrepresentations made by the Defendant, who knew their statements to be false at the time they were made or should have known.

50.     Plaintiffs' damages include damage to reputation, credibility, and business relationships because of the fraudulent misrepresentations made by the Defendant.

51.     Plaintiffs seeks compensation for the damages they have endured as a consequence of these acts committed by the Defendant.  Additionally, the Plaintiffs seek punitive damages for

the intentional nature of the tortious acts committed related with these fraudulent misrepresentations.

## COUNT V
### (Trademark Infringement of "Pro Music Rights, Inc." Mark)

52.     Plaintiffs repeat and reallege paragraphs 1-12 of the Complaint as if fully set forth herein.

53.     In 2018, PMR established their business in the State of Florida, with their principal place of business in Naples, Collier County. Florida, while branding their website and advertisements consistently with its logo and Word Mark. (See "Exhibit B").

54.     PMR has expended considerable resources marketing, advertising and promoting its business under the Word Mark throughout the State of Florida and the world through its website and internet presence.

55.     Defendant's unauthorized use of the Word Mark has caused and is likely to cause confusion, mistake, or deception as to the course, sponsorship, or approval of PMR.

56.     The Word Mark is distinctive and well known to the music industry and members of the purchasing public. The public generally associates the Word Mark with PMR's company and reputation.

57.     The Word Mark is in full force and effect.

58.     Defendant has been and is currently using PMR's name and Word Mark on numerous websites and social media pages without the permissions from the Plaintiffs.

59.     Defendant's unauthorized reproductions, copying, imitation and use of the Word Mark constitute trademark infringement and is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the products in violation of Fla. Stat.§ 495.131,

60.     As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered, and will continue to suffer, material and ongoing damages.

61.     Plaintiffs have an incomplete remedy at law. Defendant's conduct has caused, and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of PMR in its trademarks, business, reputation and goodwill.

62.     Defendant's activities alleged herein constitute willful and intentional infringements of the Word Mark in total disregard of PMR's proprietary rights. Defendant knows his use of the Word Mark has been, and continues to be, a violation of PMR's rights.

63.     Defendant's use of PMR's Word Mark has constituted and constitutes counterfeiting of the Word Mark.

64.     Defendant's use of PMR's Word Mark has been and is willful.

65.     By reason of the foregoing facts, PMR is entitled to injunctive and monetary relief against the Defendant.

66.     Wherefore Plaintiff, PMR, asks the Court to grant the following relief against Defendant Advanced Roofing Systems, Inc.:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Prom Music Rights, Inc. and Jake Noch, pray for judgment against Defendant Goldman:

1.     For an award of general and special damages in an amount in excess of thirty thousand dollars $600,000.00 in accordance with proof at trial together with interest thereon at the maximum legal rate; and Plaintiffs reserve the right to seek leave of court to seek punitive damages against Defendant in accordance with the facts and claims stated herein and established through discovery;

2.      A declaration that Defendant has engaged in trademark infringement, trademark

dilution, and unfair competition in violation of Fla. Stat. §§ 495.131, and 495.151;

3.       A declaration that PMR is the sole and exclusive owner of the Word Mark;

4.      (c) Pursuant to Fla. Stat. § 495.141, an order providing Defendant, and any other

persons in active concert or participation with Defendant, be forthwith preliminarily and

permanently enjoined from:

      a.  Using, alone or in combination, the name Pro Music Rights, Inc., or any

          confusingly similar trademark, designation, description, or representation in the

          sale, distribution, marketing, advertising, or identification of Pro Music Rights,

          Inc.;

      b.  Causing the likelihood of confusion of the distinctiveness of the Word Mark;

      c.  Contacting current or potential customers in connection with Pro Music Rights,

          Inc., or any confusingly similar trademark, designation, or description; and

      d.  Otherwise infringing the Word Mark or engaging in fake advertising in any manner

          whatsoever;

5.      Ordering that Defendant be required to deliver up and destroy all social media

accounts, materials, or other mediums, bearing the infringing trademark or other designations;

6.      Ordering that Defendant be directed to file with this Court and serve on Plaintiffs

within fifteen (15) days after the service of an injunction, a report, in writing under oath, setting

forth in detail the manner and form in which it has complied with the injunction;

7.      Awarding Plaintiffs damages, including compensatory damages and exemplary

damages;

8.      Fort costs of suit incurred herein;

9.      Injunctive relief removing the defamatory statement; and

10.     For such other and further relief as this court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

**PLAINTIFFS**
**Pro Music Rights, INC.,**
**and JAKE NOCH**

By:    /s/ Jimmie D. Bailey III
        Jimmie D. Bailey III, Esq.
        Florida Bar No.: 1017733
        Colosseum Counsel, PLLC
        3811 Airport Pulling Road N.
        Naples, Florida 34105
        (850) 826-0917
        jimmie@fightforme.com

**ATTORNEYS FOR THE PLAINTIFFS**