# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

PRO MUSIC RIGHTS, INC and
JAKE P NOCH,

       Plaintiffs,

v.                                   Case No: 2:21-cv-92-SPC-MRM

MILES A GOLDMAN,

       Defendant.
_____/

## **OPINION AND ORDER**[1]

    Before the Court is a *sua sponte* review of the file. Plaintiffs Pro Music Rights, Inc. and Jake P. Noch bring this diversity action against Miles A. Goldman. For this Court to have jurisdiction, Plaintiffs must show the parties are completely diverse with an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court previously dismissed without prejudice Plaintiffs' complaint for lack of jurisdiction. (Doc. 4).

    In the amended complaint, Plaintiffs allege "Defendant Miles Austin Goldman is an individual, who is a resident of the State of Georgia, and is

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

currently residing at 3060 Water Brook Dr. Conyers, Georgia 30094." (Doc. 5 at 4, ¶ 17). This fails to establish jurisdiction. To be a citizen of a state under the diversity provision, a natural person must be a citizen of the United States and a domiciliary of a state. *Las Vistas Villas, S.A., v. Petersen*, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991). A person is not necessarily a citizen of, or domiciled in, the state in which he resides at any given moment. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiffs must allege diversity of citizenship, not just residency. *See Taylor v. Appleton*, 30 F.3d. 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). By only alleging Goldman resides in Georgia and failing to allege what state Goldman is a citizen of, Plaintiffs do not establish jurisdiction.

The Court allowed Plaintiffs a chance to amend their complaint. (Doc. 4). The Eleventh Circuit has stated litigants must be afforded one chance to amend their complaint before the Court dismisses the action. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The Court need not provide Plaintiffs another chance to amend their complaint and will dismiss the case.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Amended Complaint (Doc. 5) is **DISMISSED** without prejudice.

2. The Clerk shall enter judgment accordingly, terminate all remaining deadlines and motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 17, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record